**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br><br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br><br>         v.<br><br>LEGACY CAPITAL LTD. AND KHRONOS LLC,<br><br>         Defendants. | **CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 10-05286 (SMB) |

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, and defendants Legacy Capital Ltd. ("Legacy Capital") and Khronos LLC ("Khronos," and with Legacy Capital, the "Defendants"), by and through their undersigned counsel, hereby submit the following Proposed Case Management Plan, pursuant to

Federal Rules of Civil Procedure 16 and 26, applicable under the Federal Rules of Bankruptcy Procedure 7016 and 7026.[1]

1. Status of Pleadings.

　　a. On July 2, 2015, the Trustee filed an amended complaint (the "Amended Complaint") against the Defendants.

　　b. On July 30, 2015, the Defendants moved to dismiss the Amended Complaint.

　　c. Defendants' motions to dismiss are scheduled for a hearing on October 28, 2015 (the "Hearing Date").

2. Answer. The Defendants shall answer the Amended Complaint within 30 days of any order denying the Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12.

3. Discovery Plan.

　　a. Initial Disclosures. The parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1). The Parties agree that they shall serve initial disclosures on or before November 13, 2015.

　　b. Subjects On Which Discovery May Be Needed. The Parties contemplate that discovery will be needed concerning Defendants' liability in connection with the initial and subsequent transfers described in the Amended Complaint and Defendants' defenses to the Trustee's claims. Fact and expert discovery will be needed.

　　c. Document Requests. Requests for documents may be served as needed after the Hearing Date, provided they are served with sufficient time to respond before the

---

[1] The Amendments to the Federal Rules of Civil Procedure effective December 1, 2015 shall apply to this Proposed Case Management Plan.

2

Discovery Cut-Off Date. The Parties hereby agree to work in good faith to focus document productions.

      d.    <u>Interrogatories.</u>

          (i)    In accordance with Local Bankr. Rule 7033-1(a), the Parties may serve interrogatories from May 20, 2016 until July 21, 2016.

          (ii)    In accordance with Local Bankr. Rule 7033-1(b), the Parties may serve interrogatories from July 25, 2016 until October 21, 2016 provided they are (i) a more practical method of obtaining the information sought than a request for production or a deposition, or (ii) ordered by the Court, as required by Local Bankr. Rule 7033-1(b).

          (iii)    The Parties may not serve contention-based interrogatories in accordance with Local Bankr. Rule 7033-1(c), absent exceptional circumstances (such as a need to preserve testimony) or by agreement among the Parties. Contention interrogatories may not be served until 30 days after any order denying Defendants' motions to dismiss.

      e.    <u>Requests for Admission</u>. The Parties may serve Requests for Admission as needed from May 20, 2016 until 30 days before the commencement of any trial in this matter.

      f.    <u>Limitations On Discovery Imposed Under Federal Rules and/or Local Rules</u>. Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions following service of the Parties' Initial Disclosures.

      g.    <u>Experts.</u> Each Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before February 20, 2017. Each Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures

required by Fed. R. Civ. P. 26(a)(2) on or before April 20, 2017. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except upon prior express permission of the Court, upon application made no later than May 4, 2017. All experts may be deposed, but such depositions must occur on or before June 20, 2017. The deadline for expert depositions will not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by July 20, 2017.

If the Trustee proffers an expert witness on an issue that is common to more than one avoidance action related to the SIPA Liquidation No. 08-01789 ("Avoidance Action"), the Trustee may coordinate the expert's deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested Parties of the proposed date, time and location of any such coordinated expert depositions. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition.

      h.    <u>Depositions</u>. All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off date, and deposition discovery shall not commence until 30 days after any order denying Defendants' motions to dismiss. Depositions shall proceed concurrently, with no party having priority. The Parties will endeavor to conclude the majority of depositions within the seven hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions that cannot be concluded within this time limit. The Parties will attempt in good faith to agree to reasonable extensions of the time limits as appropriate, and failing agreement any party may make application to the Court for an extension of those time limits.

To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

All depositions of the Trustee's witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree. Depositions of the Defendants' witnesses shall be conducted at a location agreed upon by the Parties.

  i. Discovery Cut-Off. All fact discovery is to be completed **by November 21, 2016 (the "Discovery Cut-Off Date")**.

  j. Amendment of Pleadings and Joinder of Parties. The Trustee filed his initial complaint in this action on December 6, 2010. The Trustee filed an Amended Complaint on July 2, 2015. The Defendants have not answered the Amended Complaint. The Defendants may amend their Answers without further leave of Court on or before 90 days after any order denying the Defendants' motions to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12.

  k. Manner of Production of Discovery Materials. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide

5

access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. The Parties intend to enter into a protocol for the production of electronically stored information (ESI). Information and documents produced or made available electronically shall:

    (i)    be text searchable;

    (ii)    provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity) upon request of a Party;

    (iii)    provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    (iv)    be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee;

    (v)    provide additional formats of production, metadata, or native documents if requested by a Party; and

The Parties shall meet and confer first in a good-faith attempt to resolve any dispute, or thereafter comply with Local Bankr. Rule 7007-1 to resolve the dispute.

    4.    <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action.</u> The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

    5.    <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled And Whether The Parties Will Stipulate To The Trial Judge Acting As Settlement Judge.</u> The Parties will notify the Court if they believe a settlement conference would be productive.

6. <u>Summary Judgment Briefing</u>: Any party wishing to make a motion for summary judgment must comply with Local Bankr. R. 7056-1(a) on or before July 20, 2017.

7. <u>Any Other Matter That May Add To The Just And Expeditious Disposition Of This Matter.</u>  The Parties are not aware of any other matter that may add to the just and expeditious disposition of this matter.

8. <u>Trial.</u>  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial conference and trial date.

9. <u>Next Conference.</u>  The Parties shall appear before the Court on October 28, 2015.

10. <u>Parties and Counsel.</u>  The following Parties join in this proposed case management plan through their counsel.

Date:  New York, New York
       October 21, 2015

*s/ Oren J. Warshavsky*  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza, 11th Floor  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  

Oren J. Warshavsky  
Email: owarshavsky@bakerlaw.com  
Jason S. Oliver  
Email: joliver@bakerlaw.com  

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*s/ Nicholas F. Kajon*  
**Stevens & Lee, P.C.**  
485 Madison Avenue  
New York, New York 10022  
Telephone: (212) 537-0403  
Facsimile: (610) 371-1223  

Nicholas F. Kajon  
Email: nfk@stevenslee.com  

*Attorneys for Defendant Legacy Capital Ltd.*

*s/ Eric B. Fisher*
**Dickstein Shapiro LLP**
1633 Broadway
New York, New York 10019
New York, New York 10022
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Eric B. Fisher
Email:fishere@docksteinshapiro.com
Barry N. Seidel
Email: seidelb@dicksteinshapiro.com

*Attorneys for Defendant Khronos LLC*

So Ordered This 22nd Day of October, 2015

/s/ STUART M. BERNSTEIN
Honorable Stuart M. Bernstein
United States Bankruptcy Judge